FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 1 9 2008 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
SOLOMON E. SHAMI AND BRIAN WEISS

**CLASS ACTION
COMPLAINT**

Plainti

-against-

ER SOLUTIONS, INC.,

**CV08    3835**

Defendant.
-------------------------------------------------------------------

ROSS, J.

## COMPLAINT FOR VIOLATIONS
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

POHORELSKY, M.

Plaintiff s bring this action on their own behalf and on behalf of all others

similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of

Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter

"FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and

unfair practices.

### Introduction

1.      This action seeks redress for the illegal practices of Defendant, concerning the

collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.      This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.      Venue is proper in this District because the acts and transactions that give rise to

this occurred, in substantial part, in this District.  Additionally, plaintiffs reside in this

District.

4.     Plaintiff s are residents of the State of New York who reside in this District.

5.     Plaintiffs are "Consumers" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the defendant, sought to collect from plaintiffs is a consumer debt.

6.     Upon information and belief, defendant is an active business in the state of Washington, which caused the collection letter complained of herein to be sent within the county of Nassau, State of New York.

7.     Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8.     Defendant is a "Debt Collector" as that term is defined by § 1692(a)(6) of the FDCPA.

9.     Plaintiffs received direct communications from defendant.  **Exhibit A.**

## CLASS ACTION ALLEGATIONS

10.    Plaintiffs bring this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiffs and all consumers and their successors in interest (the "Class") who have received debt collection notices and/or letters from the defendant as of one year prior to the filing of plaintiffs' complaint until the present, which overshadowed the "30 day notice" by including the following language: "If you fail to resolve this collection account, we may report your delinquent account to Equifax, Transunion and Experian.  This may affect your universal credit score. But we will not submit a negative-credit report to a credit reporting agency about this credit obligation until the expiration of the time period described in the notice on the back of this letter."  Excluded from the Class is the defendant herein, and any person,

firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

11.     This action is properly maintained as a class action.  This Class satisfies all the requirements of Rule 23 for maintaining a class action.

12.     The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, 40 or more persons have received debt collection notices from the defendant, which violate various provisions of the FDCPA.

13.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.     Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § §1692g and 1692e.

    b.     Whether plaintiffs and the Class have been injured by the defendant's conduct; and

    c.     Whether plaintiffs and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

14.     Plaintiffs' claims are typical of the claims of the Class, and plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

15.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

16.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

17.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

18.     Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

19.     Plaintiffs re-allege and incorporate herein by reference, all the foregoing paragraphs as if set forth fully herein.

20.     Upon information and belief, the collection letter is a form letter sent by defendant to the plaintiffs.

21.     Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22.     Section 1692e of the Fair Debt Collection Practices Act states that:
"A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

23.     Section 1692g requires the debt collector to give what is commonly referred to as a 30-day notice within five days of its communication with the consumer.

24.     Defendant violated § 1692g, by threatening to report his "delinquent account" to the credit reporting agencies.

25.     Defendant violated § 1692e by using false and deceptive means in connection with the collection of the debt.

        **WHEREFORE**, plaintiffs respectfully requests that the Court enter judgment as follows:

        a)      Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

        b)      Awarding plaintiffs and the class statutory damages;

        c)      Awarding plaintiffs and the class costs of this action, including reasonable attorneys' fees and expenses; and

        d)      Awarding plaintiffs and the class such other and further relief as the Court may deem just and proper.

Dated:   Cedarhurst, New York
        September 17, 2007

                           Lawrence Katz
                           Attorney at Law
                           445 Central Avenue Suite 206
                           Cedarhurst, New York 11516
                           Telephone  (516) 374-2118
                           Facsimile   (516) 706-2404

Plaintiffs request trial by jury on all issues so triable.

                           Lawrence Katz

ND: 4835-1189-5299, Ver 1

Exhibit A

2E-001-G-9788503-G1-0820-061693542
P.O. Box 6030
Hauppauge, NY 11788-0154



ER Solutions, Inc. 800 SW 39th St.
PO Box 9004 - Renton, WA 98057
Mon-Fri 7am-7pm PST

G-9788503-G1
Brian Weiss & Solomon E Shami
429 Bayview Ave
Cedarhurst, NY 11516-1210
IııIIııIIıIIıııIIIIıııIIıIıIııIIIIıııIıIIIııııIII

Date: 08/21/08
Creditor: BANK OF AMERICA
Client Account #: 009444995097
ERS Account #: G-9788503

Total Balance:  $132.27

Principal:  $132.27

Dear Brian Weiss & Solomon E Shami,

This notice is being sent to you by a collection agency. The records of BANK OF AMERICA show that your balance of $132.27 is due in full. Please contact this office so we can help you resolve your account.

If you fail to resolve this collection account, we may report your delinquent account to Equifax, Trans Union and Experian. This may affect your universal credit score. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described in the notice on the back of this letter.

If you have any questions about this account please contact Joseph Lewellen toll free at 800-320-9347 EXT 2768.

Sincerely,

Joseph Lewellen, 800-320-9347 EXT 2768
Debt Collector

## NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION
Please detach the bottom portion of this letter and return it with your payment. An envelope has been enclosed for your convenience.

08/21/08
Creditor: BANK OF AMERICA
Client Account #: 009444995097
ERS Acct #: G-9788503

Total Balance:  $132.27

Amt Enclosed: US $_____

New Address:
Address_____
City_____ST____Zip_____
Daytime Phone (_____) _____-_____
Evening Phone (_____) _____-_____

Email our office or
You may pay your bill online with a Credit Card
Or Checking Account at www.erspay.com. Your
Temporary identification number is 1.9788503.471

G-9788503-G1
E R SOLUTIONS, INC.
PO BOX 9004
RENTON WA 98057-9004
IIıIııIıIııIIıııIıIIıIIııIIIıIIıIIııIıIIIIıııIıIıIıII

ABC1109L(20031001)

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid.

If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Any demands for payment in this letter do not reduce your rights to dispute this debt, or any portion thereof, and/or to request verification within the 30 day period as set forth above.

New York City Department of Consumer Affairs License Number 1099671